UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WADIH EL-HAGE,

                Movant,

   -against-                                                      20-cv-5078 (LAK)
                                                                   (98-cr-1023 (LAK))

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------x

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        On May 29, 2001, movant was convicted after jury trial of (1) conspiracy to murder United States nationals (Count One), (2) conspiracy to murder United States officers and employees (Count Three), (3) conspiracy to damage or destroy United States property (Count Five), and (4) multiple counts of providing false statements to a federal grand jury regarding his knowledge of and association with al Qaeda and its leaders and members. The Second Circuit affirmed the convictions but remanded for resentencing pursuant to *United States v. Fagans*, 406 F.3d 138 (2d Cir. 2005). *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 151 (2d Cir. 2008). On remand, this Court sentenced movant to life imprisonment on Counts One and Three, twenty years' imprisonment on Count Five, and five years' imprisonment on each of the false statement counts, the terms to run concurrently. 98-cr-1023, Dkt. 1197. This sentence was affirmed by the Court of Appeals. *United States v. El-Hage*, 589 F. App'x. 29, 32 (2d Cir. 2015). In April 2016, movant sought relief pursuant to 28 U.S.C. § 2255. 16-cv-3119 (LAK). That motion was denied on the merits. *Id.* Dkts. 4, 5, 34.

        On June 8, 2020, movant filed a new Section 2255 motion seeking relief, ostensibly on the basis of *United States v. Davis*, 139 S.Ct. 2319 (2019). But "a petitioner incarcerated pursuant to a federal judgment cannot bring a 'second or successive' motion for habeas relief, unless he or she first obtains permission from a court of appeals." *Johnson v. United States*, 623 F.3d 41, 43 (2d Cir. 2010) (quoting 28 U.S.C. § 2255(h)). As this motion challenges the same judgment that was the subject of El-Hage's previous Section 2255 motion, 98-cr-1023 (LAK), 16-cv-3119 (LAK), this is a "second or successive" motion for habeas relief. *Id.* at 44-46. This Court therefore lacks the power to address it absent permission of the Court of Appeals. In accordance with the procedure established in *Liriano v. United States*, 95 F.3d 119 (2d Cir. 1996), the present application must be transferred to the Court of Appeals.

        The Clerk shall transfer the application and this order to the Court of Appeals. The Clerk is directed also to mail a copy of this order to El-Hage.

        SO ORDERED.

Dated:    July 7, 2020

                                                              _____
                                                                       Lewis A. Kaplan
                                                                United States District Judge